**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4095**

———————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

CHRISTOPHER FRANK LANDRUM,

     Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., District Judge.  (7:06-cr-01148-HMH-1; 7:07-cv-70144-HMH)

———————

Submitted:  September 9, 2008  Decided:  September 26, 2008

———————

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Russell W. Mace, III, MACE LAW FIRM, Myrtle Beach, South Carolina, for Appellant. Kevin F. McDonald, Acting United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Landrum seeks to appeal his conviction and sentence after pleading guilty to conspiracy to possess with intent to distribute and distribution of five kilograms or more of cocaine and fifty grams or more of crack cocaine in violation of 21 U.S.C.A. §§ 841(a)(1), 841(b)(1)(A), 846 (West 1999 & Supp. 2008). Landrum claims on appeal that he did not receive discovery or a copy of the presentence report (PSR), so that he was unable to participate in his own defense, and that his plea was unknowing and involuntary. Landrum also seeks to appeal his 264-month sentence. The Government replies that Landrum's claims are without merit and barred by a valid waiver of appellate rights contained in the signed plea agreement.

Landrum argues that, although his attorney received the discovery and PSR in a timely manner, Landrum himself never received a copy and therefore he was unable to review the documents and aid in his own defense. He also claims that his sentence is unreasonable because the district court did not consider all of the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008) factors. The Government contends that, because Landrum's guilty plea was knowing and voluntary, and the plea agreement contains a waiver of appeal, the claims Landrum wishes to raise are barred. Landrum contends that the waiver is unenforceable because the district court did not specifically address him regarding his appeal waiver. Because

2

Landrum did not challenge the propriety of the plea colloquy in the district court, our review is for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Martinez, 277 F.3d 517, 527 (4th Cir. 2002).

On plain error review, this court may notice an error that was not preserved by timely objection only if the defendant can demonstrate that: (1) there was error; (2) it was plain; and (3) the error affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even when these three conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). This plain error standard also applies to determine whether a defect in the plea colloquy precludes enforcement of an appeal waiver. See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

Here, the district court erred in failing to specifically question Landrum regarding his appeal waiver. See Fed. R. Crim. P. 11(b)(1)(N); United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) ("An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver.");

United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991) (finding waiver unenforceable because "the transcript of Wessells' Rule 11 hearing before the district court reveals that the court did not question Wessells specifically concerning the waiver provision of the plea agreement."). However, we hold that the district court did not commit reversible "plain error" because there was no impact or effect on Landrum's substantial rights.

An error is substantial if it was so prejudicial as to affect the outcome of the proceedings. Id.; Martinez, 277 F.3d at 532. In the guilty plea context, to prove that an error is substantial, the defendant must show that, but for the error, he would not have pled guilty. Martinez, 277 F.3d at 532. Landrum has not made such a showing. He asserts that he did not fully understand the consequences of entering into the agreement, "mainly, that he was giving up his right to appeal, and that he would not be given a chance to receive a downward departure pursuant to 5K1.1 . . . ." Landrum does not state that he would not have pled guilty had he known he was waiving his right to appeal.

The inquiry then turns to whether the waiver was knowing and intelligent. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, this court examines the background,

experience, and conduct of the defendant. <u>United States v. Broughton-Jones</u>, 71 F.3d 1143, 1146 (4th Cir. 1995). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>Johnson</u>, 410 F.3d at 151; <u>Wessells</u>, 936 F.2d at 167-68. The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. <u>Blick</u>, 408 F.3d at 168.

This court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement" when determining the validity of an appellate waiver. <u>General</u>, 278 F.3d at 400. Here, the language of the appellate waiver was plain. Landrum signed the waiver, with advice of counsel. Landrum never demonstrated any doubt or question regarding his plea agreement or waiver of rights. He was satisfied with his time for preparation of the case and representation by his counsel.[*] Landrum enjoys good mental health, according to the PSR,

---

[*]The claims raised in Landrum's brief that he did not receive discovery, the plea agreement, or the PSR are belied by his sworn statements. At the plea hearing, Landrum stated that he was provided with ample opportunity to discuss his case with his attorney, with whom he was fully satisfied, and that he had no complaints regarding anyone else involved in the case. At sentencing, Landrum stated that he and his attorney "thoroughly reviewed the Presentence Report." (J.A. 23). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face

and has never been prescribed any medication or been treated for a mental condition. His attorney stated that Landrum fully participated in the decision to plead guilty. Landrum also does not deny that he knew he had waived his right to appeal.

Reviewing the totality of the circumstances, see General, 278 F.3d at 389, we conclude that the appellate waiver is valid and enforceable. We therefore dismiss Landrum's appeal based on the waiver. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977).